*In re* FÉLIX RIVERA DURÁN.

*Número:* AB-1998-123    *Resuelto:* 29 de octubre de 2002

*David Villanueva Laporte,* querellante; *Carmen H. Carlos,* directora de la Oficina de Inspección de Notarías; *Félix Rivera Durán, pro se.*

PER CURIAM: El Sr. David Villanueva Laporte presentó una queja ante este Tribunal contra el Lcdo. Félix Rivera Durán, mediante declaración jurada suscrita el 11 de agosto de 1998. En dicha queja alegó que el referido abogado autorizó, en su función de notario público, la Escritura Pública Núm. 62 de 9 de octubre de 1991, en la cual él compareció como adquiriente, a título de compraventa, de una propiedad localizada en el residencial público Eleonor Roosevelt, edificio 4, apartamento 34, en Mayagüez, Puerto Rico. El referido inmueble era propiedad del Sr. Flor Martínez Colón y de su esposa, la Sra. Agripina Ríos Ramos. Al momento de la autorización de la referida escritura, la señora Ríos Ramos había fallecido. Alegó el quejoso haber puesto en conocimiento de este hecho al licenciado Rivera Durán. No obstante, el querellado procedió a otorgar dicha escritura a sabiendas de que no se había realizado el correspondiente trámite judicial de declaración de herederos, sin el cual el inmueble no podía ser vendido e inscrito a nombre del Sr. David Villanueva Laporte, y su esposa, la Sra. Eroilda Galarza Marengo. El Lcdo. Félix Rivera Durán intentó subsanar dicho defecto haciendo constar en la escritura pública de compraventa, otorgada por él, que la gestión sobre declaración de herederos se había efectuado completamente y que tal hecho se acredi-

taría cuando fuere necesario. Señaló en dicho documento público que esa información la recibió por parte del comprador, entendiendo que con ello salvaba su responsabilidad. No obstante, la referida escritura pública fue objeto de notificación de defecto por el Registrador de la Propiedad, Sección de Mayagüez. La falta que impidió su inscripción fue la omisión de presentar, junto con una copia certificada de la escritura pública sobre compraventa y la copia certificada de la resolución emitida por el Tribunal de Primera Instancia sobre la declaración de herederos de la Sra. Agripina Ríos Ramos, difunta esposa del vendedor, señor Martínez Colón.

El quejoso alegó haber realizado varios acercamientos al Lcdo. Félix Rivera Durán para que éste gestionara la emisión por el Tribunal de Primera Instancia de la resolución sobre declaración de herederos de la señora Ríos Ramos, de manera que la copia certificada de la escritura pública sobre compraventa pudiera presentarse nuevamente en el Registro de la Propiedad, Sección de Mayagüez. Señaló el quejoso haberle informado al referido letrado que era necesario, además, obtener la resolución sobre declaración de herederos del Sr. Flor Martínez Colón, ya que éste también había fallecido.

Por último, el quejoso alegó que todos sus esfuerzos por lograr que el licenciado Rivera Durán gestionara las declaraciones sobre herederos ya mencionadas y presentara una copia certificada de la referida escritura pública sobre compraventa en el Registro de la Propiedad, fueron infructuosos.

El 8 de septiembre de 1998 el querellado, Lcdo. Félix Rivera Durán, respondió a la queja en su contra. Aceptó haber autorizado la escritura pública sobre compraventa en cuestión, pero arguyó haber confiado en la palabra del quejoso, quien le aseguró que la petición sobre declaración de herederos de la Sra. Agripina Ríos Ramos se había presentado ante el Tribunal de Primera Instancia.

El 12 de febrero de 1999 le ordenamos a la Directora de la Oficina de Inspección de Notarías que investigara la querella presentada y nos sometiera un informe sobre el particular. El 19 de marzo de 1999 ésta compareció y nos rindió un informe del cual se desprende que el querellado no desplegó a cabalidad sus funciones de ilustrar, advertir e informar a las partes sobre el asunto profesional que le fuera encomendado.

Conforme a las recomendaciones de la Directora de la Oficina de Inspección de Notarías, emitimos una Resolución el *21 de abril de 1999*, y fue notificada a las partes el 26 de abril de 1999, *en la cual se le ordenaba al licenciado Rivera Durán que, a sus expensas, gestionara los procedimientos judiciales para la obtención de las resoluciones correspondientes sobre declaración de herederos, y que debía preparar la correspondiente escritura pública y gestionar la inscripción de su copia certificada en el Registro de la Propiedad.* Se le ordenó, además, que mostrara causa, dentro del término de treinta días a partir de la notificación de dicha resolución, por la cual no debíamos ejercer nuestra jurisdicción disciplinaria en vista de su conducta.

Ante el incumplimiento del licenciado Rivera Durán, el 3 de junio de 1999 este Tribunal le concedió un término adicional de diez días para cumplir con lo ordenado en nuestra Resolución de 21 de abril de 1999. *Se le apercibió de que su incumplimiento con lo allí dispuesto podría conllevar su suspensión del ejercicio de la abogacía.*

El licenciado Rivera Durán compareció ante nos, los días 16 y 22 de julio de 1999, y mostró causa por la cual no debíamos ejercer nuestra jurisdicción disciplinaria.[1] Conforme a nuestra Resolución de 21 de abril de 1999, le ordenamos mediante la Resolución de 5 de agosto de 1999 a la

---

[1] En ambas fechas el licenciado Rivera Durán sometió el mismo escrito, incluso con la misma fecha de 12 de julio de 1999. La secretaria del referido abogado, Sra. Claribel Paredes, se responsabilizó por no haber presentado el escrito en tiempo, al justificar que la demora se debió a un olvido suyo.

Directora de la Oficina de Inspección de Notarías y al licenciado Rivera Durán que nos informaran las gestiones realizadas por éste para obtener las resoluciones judiciales sobre declaración de herederos necesarias para preparar la correspondiente escritura pública sobre compraventa e inscribir una copia certificada de ésta en el Registro de la Propiedad.

El 16 de octubre de 1999 compareció el quejoso, Sr. David Villanueva, por derecho propio, para informarnos que hasta ese momento no había sostenido ningún tipo de comunicación con el licenciado Rivera Durán con relación a la escritura pública en cuestión. Por tal razón, el 4 de noviembre de 1999 le concedimos a la Directora de la Oficina de Inspección de Notarías y al licenciado Rivera Durán un término de diez días para darle cumplimiento a lo ordenado el 5 de agosto del mismo año.

Ante el incumplimiento del licenciado Rivera Durán con las órdenes de este Tribunal, el 28 de diciembre de 1999 emitimos una resolución para concederle nuevamente un término de diez días, contados a partir de su notificación, para cumplir con nuestra Resolución de 5 de agosto de 1999. *Se le apercibió de que su incumplimiento podría conllevar sanciones disciplinarias.*

El 9 de enero de 2000 compareció ante nos el licenciado Rivera Durán, para solicitarnos un término adicional de sesenta días, a los fines de completar los trámites para obtener las resoluciones judiciales sobre declaratoria de herederos. El 24 de enero de 2000 le concedimos el término solicitado, el cual comenzó a transcurrir a partir de la notificación de tal resolución.

Transcurrido en exceso el término de sesenta días previamente concedido, el 9 de marzo de 2000 le concedimos al licenciado Rivera Durán un término adicional de veinte días, contados a partir de la notificación de dicha resolución, para que nos informara las gestiones por él realizadas en el trámite judicial sobre declaratoria de herederos.

El 17 de mayo de 2000 la Directora de la Oficina de Inspección de Notarías nos sometió una moción informativa y expresó que hasta ese momento no se habían solicitado certificaciones negativas de testamento de los causantes vendedores, Sr. Flor Martínez Colón y su esposa, Sra. Agripina Ríos Ramos, documentos esenciales para gestionar la emisión por el Tribunal de Primera Instancia de las resoluciones correspondientes sobre la declaratoria de herederos. El 6 de junio de 2000, sin haber cumplido aún con lo ordenado por este Tribunal, se le concedió al querellado un término de diez días para expresarse sobre lo informado por la Directora de Inspección de Notarías, contados a partir del 8 de junio de 2000, fecha cuando le fue notificada la resolución. *Se le apercibió, además, de que su incumplimiento podría conllevar su suspensión del ejercicio de la abogacía.*

El 26 de junio de 2000, el licenciado Rivera Durán compareció ante nos arguyendo que su incumplimiento se debía a que el Sr. David Villanueva Laporte no le había suministrado la información necesaria para poder solicitar las declaratorias de herederos correspondientes, por lo que solicitaba le ordenáramos al quejoso proveerle dicha información. A esos efectos, el 15 de septiembre de 2000 le concedimos al quejoso y al querellado un término de veinte días para reunirse, y le ordenamos al primero proveerle al segundo dicha información. Le concedimos al querellado un término de treinta días para informarnos sobre el resultado de sus gestiones.

Mediante Resolución de 21 de noviembre de 2000, le ordenamos al querellado y al Sr. David Villanueva Laporte que dentro del término de treinta días, contados a partir de la notificación de dicha resolución, nos informaran el resultado de las gestiones ordenadas en nuestra Resolución de 15 de septiembre del 2000. El 22 de diciembre de 2000 el quejoso compareció informando, en síntesis, que el querellado no había realizado gestión alguna a los fines de cele-

brar una reunión entre ambos y que éste no quería asumir su responsabilidad, por lo que nos solicitaba que le impusiéramos la sanción más severa otorgada en estos casos.

El 2 de febrero de 2001 le concedimos a las partes un término improrrogable de treinta días para que se reunieran, el cual prorrogamos al concederles un término final de diez días, mediante Resolución de 28 de febrero de 2001. El licenciado Rivera Durán se reunió con el Sr. David Villanueva el 24 de febrero de 2001, según nos informara el primero el 19 de marzo del mismo año. En su comunicación, el querellado nos solicitó un término adicional de noventa días para completar los trámites por él iniciados para obtener las correspondientes resoluciones judiciales sobre declaratoria de herederos. El 20 de abril de 2001 le concedimos el término solicitado.

El 31 de agosto de 2001, sin haber sido informados del resultado de las gestiones del licenciado Rivera Durán, determinamos concederle un término adicional de diez días para cumplir con nuestra Resolución de 20 de abril de 2001. El querellado incumplió con las órdenes impartidas por este Tribunal. No obstante, el 25 de septiembre de 2001 le concedimos un término final de diez días para informarnos el resultado de sus gestiones. *En dicha ocasión le apercibimos de que su incumplimiento con nuestras órdenes podría conllevar la imposición de sanciones disciplinarias, incluyendo la suspensión del ejercicio de la abogacía.*

El 10 de octubre de 2001, el querellado presentó un escrito en el que señalaba que el término de diez días que se le había otorgado para poder completar los trámites de la obtención de las resoluciones judiciales sobre declaratoria de herederos era insuficiente, por lo que solicitaba un término adicional de noventa días para "finalizar la búsqueda y poder corregir el defecto".

El 18 de enero de 2002 le concedimos al querellado un término perentorio de treinta días para completar los trá-

mites que estaba realizando con relación a la queja en su contra, *so pena de la imposición de severas sanciones disciplinarias.* En respuesta, el 25 de marzo de 2002 el referido letrado nos informó haber obtenido la certificación negativa de testamento y el certificado de defunción,[2] y que estaba haciendo los trámites para conseguir los otros documentos necesarios para poder solicitar del Tribunal de Primera Instancia las correspondientes declaraciones sobre herederos, para lo que solicitaba se le concediera un término adicional de sesenta días. El 10 de mayo de 2002 le concedimos al querellado un término adicional de cuarenta y cinco días para completar sus gestiones. *En dicha resolución le apercibimos que de incumplir con nuestra orden tomaríamos las medidas disciplinarias correspondientes, incluyendo su suspensión temporal de la notaría.* Transcurrido dicho plazo sin que el querellado nos informara haber completado las gestiones que le fueran ordenadas, compareció el quejoso, el 26 de junio 2002, y nos informó que éste no había cumplido con lo ordenado.

I

La naturaleza pública de la profesión de abogado impone a la clase togada la observancia de lo ordenado y requerido por este Tribunal. La obligación de responder con diligencia a las órdenes de esta Curia cobra mayor relevancia cuando tales requerimientos están relacionados con las investigaciones o los procedimientos de los asuntos disciplinarios sometidos ante nuestra consideración.[3] El incumplir con las órdenes de este Tribunal, dentro de un proceso disciplinario, constituye una falta ética

---

[2] El querellado no indicó en dicha moción de cuál de los causantes eran los documentos que había conseguido.

[3] *In re Vázquez Santiago*, 155 D.P.R. 926 (2001).

separada y distinta a los méritos de la queja.([4]) Sobre el particular hemos expresado lo siguiente:

> Es conocido ya por todos los miembros de la clase togada que la naturaleza de su función requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando de su conducta profesional se trata. Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con la que nuestras órdenes son desacatadas la hace imperiosa. Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada.([5]) *In re Colón Torres*, 129 D.P.R. 490, 494 (1991).

Por razón de que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía", este Tribunal le impone a aquellos que las incumplen severas sanciones.([6])

■ Surge claramente de lo anteriormente expuesto que, a pesar de las repetidas oportunidades que le hemos brindado al Lcdo. Félix Rivera Durán para cumplir con nuestros requerimientos, éste ha demostrado un alto grado de dejadez, indiferencia y falta de diligencia. El 21 de abril de 1999 le ordenamos realizar las gestiones necesarias para lograr la inscripción de copia certificada de la escritura pública en cuestión. El querellado no sólo ha incumplido con dicha orden, sino que reiteradamente ha desobedecido nuestras órdenes posteriores. La desatención y el craso incumplimiento del licenciado Rivera Durán con las órdenes de este Tribunal revela un alto grado de indiferencia por parte de éste respecto al cumplimiento de las obligaciones mínimas que le exige la profesión togada a cada uno de sus miembros.

---

([4]) *In re Figueroa Carrasquillo*, 153 D.P.R. 132 (2001).

([5]) Véanse, además: *In re Pagán Ayala*, 130 D.P.R. 678 (1992); *In re Bonaparte Rosaly*, 130 D.P.R. 199 (1992); *In re Ríos Acosta I*, 139 D.P.R. 117 (1995).

([6]) *In re Vázquez Santiago*, supra.

Por los fundamentos antes expuestos, *procede dictar sentencia para suspender indefinidamente al Lcdo. Félix Rivera Durán del ejercicio de la abogacía, hasta tanto otra cosa disponga este Tribunal. Le imponemos al licenciado Rivera Durán el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro de un término de treinta días, a partir de su notificación, el cumplimiento de estos deberes. La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautar la obra notarial del licenciado Rivera Durán, incluyendo su sello notarial, luego de lo cual la entregará a la Oficina de Inspección de Notarías, para el correspondiente examen e informe a este Tribunal.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y los Jueces Asociados Señores Rebollo López y Hernández Denton no intervinieron.