*In re* ALBERTO FOLCH DIEZ.

*Número:* TS-8073          *Resuelto:* 7 de abril de 2003

*Roberto J. Sánchez Ramos*, procurador general, *Yvonne Casanova Pelosi*, procuradora general auxiliar, y *Vanessa Lugo Flores*, subprocuradora general; *Guillermo Figueroa Prieto*, abogado del querellado.

PER CURIAM: Como consecuencia de una comunicación, de fecha 26 de julio de 2002, de la Lcda. Frances Ríos de Morán, Secretaria del Tribunal de Distrito Federal para el Distrito de Puerto Rico, referente a la conducta incurrida en dicho foro por el Lcdo. Alberto Folch Diez, instruimos a la Oficina del Procurador General de Puerto Rico para que realizara, y rindiera, la correspondiente investigación e informe al Tribunal.

El Procurador General rindió su informe el 23 de enero de 2003. Surge del informe que: el licenciado Folch Diez fue objeto de un procedimiento disciplinario ante el antes mencionado foro federal *por alegadamente haber cobrado indebidamente honorarios en exceso* —la suma de $17,642.88— *a través del programa de representación de indigentes.*(¹)

De la investigación realizada por el Procurador General surge que: el abogado *aceptó*, ante el foro federal, los he-

---

(¹) El comité de disciplina recomendó que el abogado reembolsara la cantidad cobrada en exceso; se le suspendiera de la práctica de la profesión legal ante el foro federal por un período no menor de dos años; se separara permanentemente del privilegio de participar en el panel de abogados del programa de indigentes, y que éste debería de someter nuevas facturas por los servicios, si algunos, que aún el abogado no había cobrado.

chos que le fueron imputados; el abogado se *autoimpuso* una sanción más severa que la que había sido recomendada por el comité de disciplina;([2]) y el abogado *reembolsó*, sin cuestionar, la suma de $17,642.88 que el comité de disciplina había determinado como facturado, y cobrado, en exceso. Concluyó el Procurador General, en su informe, que la conducta incurrida por el licenciado Folch Diez violenta las disposiciones de los Cánones 24, 35 y 38 del Código de Ética Profesional.([3])

Le concedimos un término al licenciado Folch Diez para que se expresara sobre dicho informe. Así lo hizo el abogado. En su comparecencia, acepta la corrección del proceso al que se sometió ante el foro federal; no impugna la suficiencia de la prueba presentada en su caso; acepta haber incurrido en negligencia al facturar, y expresa que restituyó, sin cuestionar, la suma de dinero que se le señaló como cobrada en exceso.

El referido abogado, por otro lado, "tampoco cuestiona el poder inherente que tiene este Honorable Tribunal para imponer sanción por los hechos cometidos en otra jurisdicción, como lo es la Corte Federal para el Distrito de Puerto Rico". Réplica al Informe del Procurador General, pág. 5.

I

Reiteradamente hemos resuelto que la separación del ejercicio de la abogacía en nuestra jurisdicción, al igual que la admisión a ese ejercicio, es facultad inherente a este

---

([2]) Ello así ya que el abogado aceptó renunciar a la práctica de la profesión ante el mencionado foro federal a través del procedimiento establecido en la Regla 211(6)(B) de las reglas locales del mencionado foro, la cual establece el *desaforo* por consentimiento.

([3]) Ello no obstante, resulta pertinente señalar que el Procurador General señala en su informe, en relación con la facturación excesiva realizada, que las *"explicaciones del abogado* en torno a su conducta nos llevan a concluir que éste *fue más bien negligente* al no llevar un sistema de facturación adecuado y minucioso lo cual redundó en facturaciones erróneas de su parte[,] dando la impresión de que estaba haciendo falsas representaciones". (Énfasis suplido.) Informe del Procurador General, pág. 2.

Tribunal. *In re Freytes Mont*, 117 D.P.R. 11 (1986); *In re Peña Peña*, 153 D.P.R. 642 (2001). A esos efectos, hemos expresado que siendo "inherente tal facultad, podemos ordenar la separación de un abogado por motivos distintos de aquellos que para el desaforo ha decretado por ley la Asamblea Legislativa [de Puerto Rico]. La causa no tiene que ser necesariamente de origen legislativo". *Colegio de Abogados de P.R. v. Barney*, 109 D.P.R. 845, 848 (1980). Véase, también, *In re González Blanes*, 65 D.P.R. 381 (1945).

▮  Hemos resuelto, *incluso*, que si se demuestra que la conducta del abogado no le hace digno de ser miembro de este Foro, podemos ejercer nuestra facultad de desaforo, aun cuando las actuaciones del abogado hayan surgido por causas no relacionadas con el ejercicio de su profesión, pues basta que tales actuaciones afecten las condiciones morales del abogado querellado. *In re Rivera Cintrón*, 114 D.P.R. 481 (1983).

II

Coincidimos con el Procurador General en que la conducta en que incurriera el licenciado Folch Diez violenta las disposiciones de los Cánones 24, 35 y 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. La determinación a esos efectos en tan clara y palpable que no amerita mayor discusión.

En atención a todo lo antes expuesto, *procede decretar la suspensión inmediata del ejercicio de la profesión de abogado y de la notaría en Puerto Rico de Alberto Folch Diez por un término de treinta días, contado el mismo a partir de la fecha de notificación de la Opinión Per Curiam y Sentencia emitida.*

*Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de quince días, a par-*

*tir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.*

*La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y del sello notarial de Alberto Folch Diez, luego de lo cual los entregará a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.*

*Se dictará Sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Hernández Denton no intervinieron.