EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br> Alberto Folch Diez | 2003 TSPR 74<br><br>159 DPR _____ |

Número del Caso: TS-8073


Fecha: 7 de abril de 2003


Abogado de la Parte Peticionaria:
                    Lcdo. Guillermo Figueroa Prieto


Oficina del Procurador General:
                    Lcda. Yvonne Casanova Pelosi
                    Procuradora General Auxiliar


Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 10 de abril
        de 2003, fecha en que se le notificó al abogado de su
        suspensión inmediata.)


    Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del
proceso de compilación y publicación oficial de las decisiones
del Tribunal. Su distribución electrónica se hace como un
servicio público a la comunidad.

# EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Alberto Folch Diez

                                    TS-8073

### PER CURIAM

San Juan, Puerto Rico, a 7 de abril de 2003

Como consecuencia de una comunicación, de fecha 26 de julio de 2002, de la Lcda. Frances Ríos de Morán, Secretaria de la Corte de Distrito Federal para el Distrito de Puerto Rico, referente la misma a conducta incurrida en dicho foro por el Lcdo. Alberto Folch Diez, instruimos a la Oficina del Procurador General de Puerto Rico para que realizara, y rindiera, la correspondiente investigación, e informe al Tribunal.

El Procurador General rindió su informe con fecha de 23 de enero de 2003. Del mismo surge que: el Lcdo. Folch Diez fue objeto de un procedimiento disciplinario ante el antes mencionado foro federal <u>por alegadamente haber cobrado indebidamente honorarios en exceso</u> --la

suma   de   $17,642.88—   <u>a   través   del   programa   de   representación de indigentes</u>.[1]

De la investigación realizada por el Procurador General surge que: el abogado <u>aceptó</u>, ante el foro federal, los hechos que le fueron imputados; el abogado <u>autoimpuso</u> una sanción más severa que la que había sido recomendada por el comité de disciplina[2]; y el abogado <u>reembolsó</u>, sin cuestionar, la suma de $17,642.88 que el comité de disciplina había determinado como facturado, y cobrado, en exceso. Concluyó el Procurador General, en su informe, que la conducta incurrida por el Lcdo. Folch Diez violenta las disposiciones de los Cánones 24, 35 y 38 de los Cánones de Ética Profesional.[3]

Le concedimos término al Lcdo. Folch Diez para que se expresara sobre dicho informe. Así lo hizo el abogado. En

---

[1] El comité de disciplina recomendó que el abogado reembolsara la cantidad cobrada en exceso; se le suspendiera de la práctica de profesión legal ante el foro federal por un período no menor de dos (2) años; se separara permanentemente del privilegio de participar en el panel de abogados del programa de indigentes; y que éste debería de someter nuevas facturas por los servicios, si algunos, que aún el abogado no había cobrado.

[2] Ello así ya que el abogado aceptó renunciar a la práctica de la profesión ante el mencionado foro federal a través del procedimiento establecido en la Regla 211(6)(B) de las reglas locales del mencionado foro, la cual establece el <u>desaforo</u> por consentimiento.

[3] Ello no obstante, resulta pertinente señalar que el Procurador General señala en su informe, en relación con la facturación excesiva realizada, que las "<u>explicaciones del abogado</u> en torno a su conducta nos lleva a concluir que éste <u>fue mas bien negligente</u> al no llevar un sistema de facturación adecuado y minucioso lo cual redundó en facturaciones erróneas de su parte, dando la impresión de

su comparecencia, acepta la corrección del proceso al que se sometió ante el foro federal; no impugna la suficiencia de la prueba presentada en su caso; acepta haber incurrido en negligencia al facturar, y expresa que restituyó, sin cuestionar, la suma de dinero que se le señaló como cobrada en exceso.

El referido abogado, por otro lado, "...tampoco cuestiona el poder inherente que tiene este Tribunal para imponer sanción por los hechos cometidos en otra jurisdicción, como lo es la Corte Federal para el Distrito de Puerto Rico."

I

Reiteradamente hemos resuelto que la separación del ejercicio de la abogacía en nuestra jurisdicción, al igual que la admisión a ese ejercicio, es facultad inherente a este Tribunal. *In re* Freites Mont, 117 D.P.R. 11 (1986); *In re* Joaquín Peña Peña, res. el 27 de marzo de 2001, 2001 TSPR 49. A esos efectos, hemos expresado que siendo "... inherente tal facultad, podemos ordenar la separación de un abogado por motivos distintos de aquellos que para el desaforo ha decretado por ley la Asamblea Legislativa [de Puerto Rico]. La causa no tiene que ser necesariamente de origen legislativo." Colegio de Abogados de P.R. v. Barney, 109 D.P.R. 845, 848 (1980); *In re* González Blanes, 64 D.P.R. 381 (1945).

---

**que estaba haciendo falsas representaciones." (énfasis suplido).**

Hemos resuelto, _incluso_, que si se demuestra que la conducta del abogado no le hace digno de ser miembro de este Foro, podemos ejercer nuestra facultad de desaforo, aun cuando las actuaciones del abogado hayan surgido por causas no relacionadas con el ejercicio de su profesión, pues basta que tales actuaciones afecten las condiciones morales del abogado querellado. _In re_ Rivera Cintrón, 114 D.P.R. 481 (1983).

## II

Coincidimos con el Procurador General en que la conducta en que incurriera el Lcdo. Folch Diez violenta las disposiciones de los Cánones 24, 35 y 38 de los de Ética Profesional. La determinación a esos efectos en tan clara y palpable que la misma no amerita mayor discusión.

En atención a todo lo antes expuesto, procede decretar la _suspensión inmediata_ del ejercicio de la profesión de abogado y de la notaría en Puerto Rico de Alberto Folch Diez por un término de treinta (30) días; contado el mismo a partir de la fecha de notificación de la Opinión Per Curiam, y Sentencia, emitida.

**Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión indefinida a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de quince (15) días, a partir de su notificación, el cumplimiento de estos deberes, notificando también al Procurador General.**

La Oficina del Alguacil de este Tribunal procederá, <u>de inmediato</u>, a incautarse de la obra y sello notarial de Alberto Folch Diez, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alberto Folch Diez

TS-8073

SENTENCIA

San Juan, Puerto Rico, a 7 de abril de 2003

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación inmediata del ejercicio de la abogacía y de la notaría en Puerto Rico, por un término de treinta (30) días, de Alberto Folch Diez, a partir de la notificación de la presente Opinión Per Curiam y Sentencia. Le imponemos a éste el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar oportunamente de su suspensión, por un término de treinta (30) días, a los foros judiciales y administrativos del País. Deberá, además, certificarnos dentro del término de quince (15) días a partir de su notificación el cumplimiento de estos deberes, notificando también al Procurador General.

La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra y sello notarial de Alberto Folch Diez, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Hernández Denton no intervinieron.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Presidente señor Andréu García y el Juez Asociado señor Hernández Denton no intervinieron.