*In re* Edwin H. Sepúlveda Valentín.

*Número:* TS-6638          *Resuelto:* 3 de septiembre de 2004

*Roberto J. Sánchez Ramos,* procurador general; *Luis Ríos Martínez, Luis Polidura Álers, Miguel A. Sánchez Lorenzo, Jaime Lagarreta Rodríguez* y *Noelia García Rivera,* querellantes; *María de Lourdes Rodríguez* y *Ángel N. Candelario Cáliz,* oficiales de investigación del Colegio de Abogados de Puerto Rico; *Edwin H. Sepúlveda Valentín,* abogado querellado que comparece por derecho propio.

Sala de Verano integrada por el Juez Asociado Señor Rebollo López, como su Presidente, los Jueces Asociados Señores

CORRADA DEL RÍO y RIVERA PÉREZ, y las JUEZAS ASOCIADAS SEÑORAS FIOL MATTA y RODRÍGUEZ RODRÍGUEZ.

## RESOLUCIÓN

Mediante Opinión *Per Curiam* de 27 de septiembre de 2001, notificada el 16 de octubre de 2001, suspendimos al Lcdo. Edwin H. Sepúlveda Valentín del ejercicio de la profesión de abogado por un período de dos meses, término que ha transcurrido. El Sr. Edwin H. Sepúlveda ha solicitado su reinstalación al ejercicio de la abogacía.

Al tiempo de su solicitud de reinstalación, se recibieron en este Tribunal varias quejas en contra del señor Sepúlveda Valentín. Eventualmente, las referimos al Procurador General para que las evaluara y nos informara.

El Procurador General sometió su Informe y, a petición nuestra, sometió un Informe Suplementario. Del Informe Suplementario surge que el señor Sepúlveda Valentín, con posterioridad a haber sido suspendido, llevó a cabo unas gestiones como abogado a favor de una persona que fue su "cliente". Ello, en clara violación a la orden de este Tribunal.

En su escrito en contestación al Informe Suplementario del Procurador General, el señor Sepúlveda Valentín aceptó, entre otras cosas, haber incumplido con la orden de este Tribunal que lo había suspendido de la práctica de la abogacía. En dicho escrito, además, Sepúlveda Valentín renunció expresamente a cualquier vista evidenciaria que pudiera celebrarse sobre su reinstalación y dejó sometido este asunto ante nuestra consideración.

Visto el expediente completo de este asunto, los informes presentados por el Procurador General, las mociones de Sepúlveda Valentín, así como las cartas en apoyo a la reinstalación y la moción en apoyo a la reinstalación, concluimos que el señor Sepúlveda Valentín incumplió con la orden de este Tribunal que lo separó del ejercicio de la profesión y ejerció como abogado a favor de una persona que había sido su "cliente".

En reiteradas ocasiones hemos resuelto que los miembros de la clase togada le deben una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando de su conducta se trata. *In re Rivera Durán*, 158 D.P.R. 211 (2002); *In re Pagán Ayala*, 130 D.P.R. 678 (1992); *In re Colón Torres*, 129 D.P.R. 490 (1991).

En el asunto ante nuestra consideración, el señor Sepúlveda Valentín desatendió crasamente nuestra determinación de suspenderlo del ejercicio de la profesión y llevó a cabo gestiones para "un cliente" luego de haber sido separado de la profesión. Es decir, el señor Sepúlveda Valentín pretendió ejercer la práctica de la abogacía cuando no estaba autorizado a ello, en violación al Canon 33 del Código de Ética Profesional, 4 L.P.R.A. Ap IX. Esta actuación deshonesta del señor Sepúlveda Valentín es censurable y merece nuestro repudio.

En vista de lo anterior, *le imponemos al señor Sepúlveda como sanción la suspensión del ejercicio de la abogacía por un período de dos años. Habida cuenta del tiempo en que ha estado suspendido el señor Sepúlveda Valentín, éste se le acredita a la sanción impuesta y se da por cumplida. Se autoriza entonces la reinstalación del licenciado Sepúlveda Valentín al ejercicio de la práctica de la abogacía.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Rivera Pérez no interviene.

*(Fdo.)* Patricia Otón Olivieri
*Secretaria del Tribunal Supremo*