RESOLUCIÓN
El peticionario Steven T. Scott fue admitido al ejercicio de la abogacía el 25 de enero de 1985. Posteriormente, me-diante una Resolución emitida el 25 de septiembre de 1992, el señor Scott fue dado de baja del Registro de Abo-gados de este Tribunal tras presentar una solicitud a esos efectos. El señor Scott se trasladó al estado de Florida, donde había sido admitido a practicar la profesión el 29 de mayo de 1985.
Mediante un escrito titulado Petición sobre Reactiva-ción al Ejercicio de la Abogacía en Puerto Rico, el señor Scott comparece ante este Tribunal y nos solicita que lo readmitamos al ejercicio de la profesión en nuestra jurisdicción. Aunque éste reconoció en su petición que tiene pendiente una deuda ante el Colegio de Abogados de Puerto Rico, nada expuso sobre su estatus como abogado en la jurisdicción del estado de Florida.
En atención a lo anterior, el pasado 7 de enero de 2009 la Secretaría de este Tribunal cursó una misiva al Secreta-rio del Tribunal Supremo de Florida en la que solicitó que se nos aclarara el estatus del señor Scott como miembro de ese foro. El Tribunal Supremo de Florida procedió a referir el asunto ante el Florida Bar. Posteriormente, el 15 de enero de 2009 el Florida Bar contestó la misiva cursada por la Secretaría de este Tribunal.
En su comparecencia, el Florida Bar expone que el se-ñor Scott fue suspendido permanentemente en esa juris-dicción en el 2002. Como parte de dicha comunicación, nos *475 remitió copia de la documentación relacionada con el pro-cedimiento disciplinario seguido contra el señor Scott.
Surge de los referidos documentos que la suspensión permanente del señor Scott en la jurisdicción de Florida se debió a que éste incurrió en la práctica ilegal de la abogacía. El señor Scott había consentido a renunciar a la práctica de la profesión con el propósito de culminar un proceso disciplinario que se seguía en su contra y que in-volucraba unas alegaciones de malversación de fondos y mal manejo de cuentas y expedientes (“failure to keep accurate records” y “failure to provide an accounting”). En mayo de 2001 el Tribunal Supremo de Florida concedió la petición de renuncia y emitió una orden a esos efectos. Véase The Florida Bar v. Scott, 790 So.2d 1110 (2001).
Como parte del referido procedimiento, el señor Scott prestó dos declaraciones juradas, a saber: una en la que afirmó que no aceptaría clientes nuevos y cesaría de repre-sentar a sus clientes, y otra posterior en la que afirmó que no tenía clientes ni asuntos pendientes. A pesar de ello, el señor Scott continuó practicando la profesión y compareció como abogado en dos casos. Véase State v. Joubert, 847 So.2d 1023 (2003). Lo anterior ocasionó que se iniciara un segundo procedimiento disciplinario en su contra. Como parte de dicho procedimiento, éste admitió haber incurrido en la práctica ilegal de la abogacía y consintió a su suspen-sión permanente en la referida jurisdicción. Véase The Florida Bar v. Scott, 821 So.2d 303 (2002).
Los hechos anteriores —los cuales no están en contro-versia— demuestran que el señor Scott no es apto para ser readmitido a nuestra jurisdicción. Véase In re Folch Diez I, 159 D.P.R. 163 (2003). La conducta desplegada por el señor Scott ante la jurisdicción de Florida revela que éste incu-rrió en la práctica ilegal de la abogacía en dicha jurisdic-ción, lo que constituyó una crasa violación a la orden del Tribunal Supremo de Florida que concedió su renuncia. Ello es contrario a las normas deontológicas que rigen la *476 profesión en nuestra jurisdicción. 4 L.P.R.A. Ap. IX, C. 33; In re López de Victoria Brás, 164 D.P.R. 193 (2005); In re Sepúlveda Valentín, 162 D.P.R. 785 (2004). Procede, por lo tanto, que deneguemos la petición de readmisión.
Por los fundamentos antes expuestos, “no ha lugar” a la Petición sobre Reactivación al Ejercicio de la Abogacía en Puerto Rico. Se ordena a la Secretaría de este Tribunal unir al expediente personal de Steven T. Scott una copia de esta Resolución, así como las comunicaciones cursadas por la jurisdicción de Florida y la documentación relacionada con el procedimiento disciplinario seguido contra el señor Scott en dicha jurisdicción.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.
(Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo