EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 147 |
|---|---|
| | 183 DPR ___ |
| Peter Díaz Santiago | |

Número del Caso: TS-11007

Fecha: 11 de octubre de 2011

Abogado del Querellado:

Por derecho propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Peter Díaz Santiago                           TS-11,007

PER CURIAM
(En Reconsideración)

San Juan, Puerto Rico, a 11 de octubre de 2011.

El 21 de septiembre de 2011 emitimos una Opinión *Per Curiam* mediante la cual suspendimos al Lcdo. Peter Díaz Santiago de manera inmediata e indefinida del ejercicio de la notaría, conforme a lo dispuesto en el Art. 7 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4 L.P.R.A. sec. 2011. A raíz de esto, el licenciado Díaz Santiago comparece ante nos y solicita que reconsideremos nuestra posición, lo readmitamos a la práctica de la notaría y que le devolvamos su sello y obra notarial.

Por los fundamentos que se exponen a continuación, reducimos su suspensión a un plazo de tres (3) meses.

I.

El Lcdo. Peter Díaz Santiago fue admitido al ejercicio de la abogacía el 17 de enero de 1995 y al ejercicio de la notaría el 10 de abril del mismo año. El licenciado Díaz Santiago fue suspendido del ejercicio de la abogacía por el término de un año mediante Opinión *Per Curiam* de 4 de marzo de 2005 por incumplimiento a los Cánones de Ética de la profesión. Véase: In re Díaz Santiago, 164 D.P.R. 41 (2005). Posteriormente, el 5 de abril de 2006 fue reinstalado al ejercicio de la abogacía y de la notaría. Véase: In re Díaz Santiago, 167 D.P.R. 503 (2006).

El 13 de junio de 2011, el Colegio de Abogados compareció ante nos mediante una moción informativa y solicitó que se cancelara la fianza notarial prestada por el licenciado Díaz Santiago, la cual estaba vencida desde agosto de 2010. En consecuencia, mediante Resolución del 20 de junio de 2011 le concedimos un término de veinte (20) días al licenciado para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Asimismo, apercibimos que el incumplimiento con los términos podría dar lugar a sanciones disciplinarias adicionales. El plazo venció sin que el abogado respondiera.

El 21 de septiembre de 2011, emitimos una Opinión *Per Curiam* en la que le suspendimos de manera inmediata e indefinida de la notaría y ordenamos la incautación de su obra y sello notarial por las siguientes razones: (1) por tener al descubierto su fianza notarial, la cual estaba vencida desde agosto de 2010 en incumplimiento con el Art. 7 de la Ley Notarial de Puerto Rico, *supra*; y (2) por no responder a nuestros requerimientos.

Inconforme, el licenciado Díaz Santiago compareció ante nos y solicitó la reconsideración de nuestra Opinión y la reinstalación al ejercicio de la notaría. Asimismo, informó que realizó el pago de la fianza notarial al Colegio de Abogados dentro del término que le concedimos. Además, expresó que el Colegio le indicó que notificaría a este Tribunal sobre el cumplimiento con el pago de la fianza notarial y que por esta razón no respondió nuestros requerimientos. El licenciado Díaz Santiago reconoció en dicha moción que cometió un error al no cumplir con nuestra resolución. Igualmente, expresó que según su experiencia el Colegio de Abogados siempre cumplía con someter estas mociones informativas.

En efecto, el 27 de septiembre de 2011 el Colegio de Abogados presentó una moción informativa mediante la cual acreditó que el licenciado Díaz Santiago pagó su fianza el 1 de julio de 2011. Además, informó que por error no radicó una moción de desistimiento en ese momento.

II.

El Art. 7 de la Ley Notarial de Puerto Rico, *supra,* establece como uno de los requisitos para ejercer la notaría tener prestada y vigente una fianza por una suma no menor de quince mil dólares. Esta fianza tiene como propósito el responder del buen desempeño de las funciones del notario.

Además, hemos expresado que los miembros de la profesión legal tienen el deber y la obligación de responder de forma diligente a los requerimientos y ordenes de este Tribunal. In re Arroyo Rivera, res. el 31 de agosto de 2011, 2011 T.S.P.R. 130; In re Toro Soto, res. el 8 de abril de 2011, 2011 T.S.P.R. 91; In re Arzón Rivera, 175 D.P.R. 763, 765 (2009); In re Rodríguez Bigas, 172 D.P.R. 345, 346-347 (2007). Dicho deber es uno indelegable. Una vez un abogado se aparta de cumplir con las obligaciones y los deberes que le impone la ley y el ordenamiento ético, incurre en una conducta que acarrea una sanción disciplinaria, ya que lesiona la confianza y la función pública en él depositadas. In re Nazario Díaz I, 174 D.P.R. 99, 116 (2008). Reiteradamente hemos expresado que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal constituye una falta ética separada a los méritos de la queja. In re Morales Rodríguez, 179 D.P.R. 766, 769 (2010); In re Rosado Cruz, 176 D.P.R. 1012, 1016 (2009); In re Borges Borges, 175 D.P.R 781, 787 (2009); In re Ramírez Ferrer, 164 D.P.R.

744, 747 (2005); In re Rivera Durán, 158 D.P.R. 211, 218-219 (2002).

III.

A la luz de los fundamentos antes expuestos, hemos reconsiderado nuestra posición sobre la suspensión indefinida del licenciado Díaz Santiago. El licenciado Díaz Santiago satisfizo el pago de su fianza notarial dentro del plazo concedido. Sin embargo, no informó directamente a este Tribunal, incumpliendo así con nuestros requerimientos.

Debido a las circunstancias particulares ante nos reducimos el término de la suspensión del ejercicio de la notaría de una indefinida a una de tres (3) meses. Se le apercibe al licenciado Díaz Santiago que en el futuro deberá cumplir estrictamente con el ordenamiento que rige la profesión legal en Puerto Rico y, en específico, con nuestros requerimientos y órdenes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:


Peter Díaz Santiago                    TS-11,007


SENTENCIA
(En Reconsideración)

San Juan, Puerto Rico, a 11 de octubre de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente Sentencia, se reconsidera nuestra posición sobre la suspensión indefinida del licenciado Díaz Santiago. El licenciado Díaz Santiago satisfizo el pago de su fianza notarial dentro del plazo concedido. Sin embargo, no informó directamente a este Tribunal, incumpliendo así con nuestros requerimientos.

Debido a las circunstancias particulares ante nos reducimos el término de la suspensión del ejercicio de la notaría de una indefinida a una de tres (3) meses. Se le apercibe al licenciado Díaz Santiago que en el futuro deberá cumplir estrictamente con el ordenamiento que rige la profesión legal en Puerto Rico y, en específico, con nuestros requerimientos y órdenes.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo